

# The Attorney General of Texas

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

October 6, 1986

Honorable Carl M. Anderson
Nolan County Attorney
P. O. Box 1201
Sweetwater, Texas 79556

Opinion No. JM-552

Re: Whether the city of Sweetwater is required to share the expense of health care for indigent residents of Nolan County

Dear Mr. Anderson:

You inquire whether, under the Indigent Health Care and Treatment Act, the city of Sweetwater is required to share the expense of health care services for indigents who are residents of Nolan County. We conclude that such expense is a joint responsibility of the county and the city. We are asked the following specific questions:

> 1. Within the provisions of article 4438f, V.T.C.S., is an eligible resident of Nolan County, Texas a person who does not reside within the area that a public hospital or hospital district has a legal obligation to serve?
>
> 2. If the answer to the foregoing is in the negative then, under the provisions of section 12.03 of article 4438f, is the city of Sweetwater, Texas, a governmental entity that created or authorized the creation of a 'hospital authority' as that term is used in section 12.03?

The only hospital in Nolan County is operated by a joint county-city hospital board created under article 4494i-1, V.T.C.S. Such a board is a separate entity which acts independently but operates the hospital as a joint agent of the county and the city. V.T.C.S. art. 4494i-1, §2. The board may not encumber, sell, lease, or convey real or personal property without prior approval of the commissioners court and the governing body of the city. Art. 4494i-1, §5. The board may issue revenue bonds, but it may not deliver bonds unless the issuance is approved by the commissioners court and the governing body of the city. Art. 4494i-1, §§6, 8. Section 5 also expressly authorizes the county and the city to contract with the board for the care of indigent persons with both the county and the city making payments to the board pursuant to such a contract from any of their funds or resources.

Prior to the enactment of the Indigent Health Care and Treatment Act, which is codified as article 4438f, V.T.C.S., Attorney General Opinion MW-33 (1979) determined that the commissioners court of each county was required by statute to provide necessary medical care for its indigents and that a county was liable for expenses of an indigent resident incurred at a joint county-city hospital unless the county contracted with the city to share such expenses under section 5 of article 44941-1. The Indigent Health Care and Treatment Act changes the law expressed in that opinion.

Under the Indigent Health Care Act, each county shall provide health care assistance to its eligible residents who do not reside in the area that a public hospital or hospital district has a legal obligation to serve. V.T.C.S. art. 4438f, §2.02(a). Each public hospital shall provide health care assistance to the eligible residents of the area that the hospital has a legal obligation to serve, and each governmental entity that owns, operates, or leases a public hospital shall provide sufficient funding to allow the hospital to provide that health care assistance. Art. 4438f, §10.02(a). A public hospital is liable for health care services provided by any provider, including another public hospital, to an eligible resident of the area that the hospital has a legal obligation to serve. Art. 4438f, §12.01(a). Section 12.03 of the Indigent Health Care Act provides that

> [e]ach governmental entity that owns, operates, or leases a public hospital shall provide sufficient funding to the hospital to provide the health care assistance required by this Act. If a public hospital is owned, operated, or leased by a hospital authority, the governmental entity that created or authorized the creation of the authority shall provide sufficient funding to the public hospital or hospital authority to provide the health care assistance required by this Act.

You first ask whether an eligible resident of Nolan County is a person who resides within the area that a public hospital or hospital district has a legal obligation to serve. Health care assistance to a person who does not reside in such an area is provided by the county. It is our opinion, however, that an eligible resident of Nolan County resides in an area that a public hospital has a legal obligation to serve.

The hospital in Nolan County operated by the joint county-city hospital board is a public hospital as that term is used in the Indigent Health Care Act. The act defines a public hospital as "a hospital owned, operated, or leased by a governmental entity" and a governmental entity includes a county, city, town, hospital authority, or other political subdivision of the state, but does not include a hospital district. Art. 4438f, §1.02(6)(10). The hospital in question has a legal obligation to serve the area of the county and

the city.  Under the Indigent Health Care Act, the public hospital in Nolan County provides health care assistance to indigent residents of Nolan County.

Your second question is whether, by creating the joint hospital board with the county, the city is a governmental entity that created or authorized the creation of a hospital authority as that term is used in section 12.03 of the Indigent Health Care Act.

The Indigent Health Care Act does not define "hospital authority" for purposes of the act.  A joint county-city hospital board created under article 4494i-1 and hospital authorities created by a city under article 4437e, V.T.C.S., and by a county under article 4494r, V.T.C.S., have both similar and dissimilar characteristics.  Neither a hospital authority nor a joint county-city hospital board has taxing power.  Both a hospital authority and a joint county-city hospital board are entities separate from the governmental entity that created them and may construct, enlarge, furnish, equip, operate, and maintain their respective hospitals.  V.T.C.S. art. 4437e, §6(a); art. 4494r, §6(a); art. 4494i-1, §4.  A hospital authority may issue revenue bonds after an election to approve the bonds if ten percent of the qualified voters request such an election and without an election if the voters do not request it.  A joint county-city hospital board may issue revenue bonds, but all such bonds must be approved by both the county and the city that created the joint board.  Art. 4494i-1, §8.  By statute, hospital authorities are a "body politic and corporate" and, in the case of a county hospital authority, a "political subdivision of the State," as distinguished from a joint county-city hospital board which constitutes a "public agency and body politic."  Art. 4437e, §3; art. 4494r, §3; art. 4494i-1, §1.  Although a joint county-city hospital board is a separate entity in the performance of the functions authorized by article 4494i-1, section 2 of that article expressly provides that such a board is a joint agent of the county and the city for hospital purposes.

As a practical matter, whether a joint county-city hospital board constitutes a hospital authority within the meaning of the Indigent Health Care Act is immaterial to a determination of the obligation to fund the health care assistance required of a hospital operated by a joint hospital board.  It is our opinion that for purposes of the Indigent Health Care Act, while nominal title is in a joint board, actual ownership of a hospital operated by a joint county-city hospital board is in the county and the city.  Such ownership is consistent with the statutory agency relationship of the joint board to the county and the city and with the joint board's authority pertaining to hospital property that is subject to prior approval of both the county and city.  Art. 4494i-1, §§4, 5.  In either capacity, sections 10.02(a) and 12.03 of article 4438f provide that the governmental entities that own a public hospital or create a hospital authority that owns or operates a public hospital shall provide sufficient funding to allow the hospital to provide the health care assistance required by the Indigent Health Care Act.  The act is the legislature's implementation

of recommendations made by the Task Force on Indigent Health Care jointly appointed by the governor, lieutenant governor, and speaker of the house in September, 1983, and charged with presenting a package of findings and recommendations to the Sixty-ninth Legislature. The intention of the Task Force recommendations, among other things, was to allocate responsibility for the administration and financing of indigent care among various levels of government and types of providers in an attempt to work within the existing system while proposing measures to reduce the inequities in that system. See Task Force on Indigent Health Care, Final Report, December 1984, at 21. The provisions of the act that relate to your questions reflect that intention.

Since the legislature expressly provided in article 4438f, sections 10.02(a) and 12.03 that each governmental entity shall provide funding to the hospital for health care assistance, we conclude that the legislature intends that the share of expense to be provided by each entity is a joint responsibility and an internal matter to be determined by the county and the city.

## S U M M A R Y

Under the Indigent Health Care and Treatment Act, an eligible resident of Nolan County is a person who resides in an area that a public hospital has a legal obligation to serve. A governmental entity that either owns, operates, or leases a public hospital or that created a hospital authority that owns, operates, or leases a public hospital shall provide funding for health care assistance required by the act. Hence, funding for indigent health care expense of a hospital operated by a joint county-city hospital board is a joint responsibility of the county and the city.

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Nancy Sutton
Assistant Attorney General